IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISABEL ROQUE, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, WILLIE SALAS, individually and in his official capacity, KARLA MARLIN, individually and in her official capacity, HENRY "HANK" WHITMAN, JR., individually and in his official capacity, and TEXAS HEALTH AND HUMAN SERVICES COMMISSION. § § § § § § § § § § § § | | Cause No. 5:17-cv-01102<br><br>A Jury is Demanded. |
| § | | |
| Defendants. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Isabel Roque, plaintiff, brings these claims against the Texas Department of Family and Protective Services, Willie Sales, Karla Marlin, and Henry "Hank" Whitman, Jr., individually and in their official capacities.

1.

**Statement of the Case**

1.1  This is a case of harassment and retaliation against an older LGBT employee of the State of Texas.  The Defendants harassed, retaliated, and ultimately

terminated Ms. Roque because Ms. Roque exercised her rights to take care of her sick son, marry the love of her life, and opposed discrimination in the workplace. The Defendants also discriminated and retaliated against Ms. Roque based on her age and in violation of the 5th and 14th Amendments to the Constitution by taking actions under color of state law to violate Ms. Roque's Constitutional rights to equal protection and due process under the law.  The facts will show a pattern and practice to violate clearly established rights in a campaign against Ms. Roque and other employees sharing her characteristics.

## 2.

## Parties

2.1     Isabel Roque is a female, lesbian resident of the United States of America living in the San Antonio area.  Ms. Roque is over the age of forty (40). Ms. Roque was a long-term employee of the Texas Department of Family and Protective Services (DFPS).

2.2     The Texas Department of Family and Protective Services (DFPS) is a department of the State of Texas.  DFPS was the employer of Ms. Roque.  DFPS may be served with service of process by serving the Attorney General of the State of Texas or the Commissioner of the Texas DFPS.

2.3.    Willie Sales is an individual employee of the DFPS with supervisory authority over Ms. Roque.  Mr. Sales is sued in his individual and official capacity.

2.4     Karla Marlin is an individual employee of the DFPS with supervisory authority over Ms. Roque.  Ms. Marlin is sued in her individual and official capacity.

2.5     Henry "Hank" Whitman, Jr., is the commissioner of the DFPS.  Mr. Whitman is sued in his individual and official capacity.

2.6     The Texas Health and Human Services Commission is an arm of the State of Texas and the Commission under which the Texas DFPS exists.

### 3.

### Jurisdiction and Venue

3.1     The Court has jurisdiction because this case is brought pursuant to federal statutes so there is a federal question.

3.2     The events upon which this case is based occurred in this district and division.

### 4.

### Facts Supporting Relief

4.1     Ms. Roque is a female adult citizen of the State of Texas and the United States of America.  Ms. Roque is married to her long-term partner who is female.  Ms. Roque is lesbian and identifies as lesbian in the workplace.

4.2     Ms. Roque has demonstrated a clear interest in opposing discrimination in the workplace and has spoken out about various inequities, discriminatory and retaliatory conduct, and other matters of public concern.

4.3     Following Ms. Roque's opposition to discrimination, Defendants evaluated Ms. Roque's performance in a discriminatory and retaliatory fashion resulting in poor performance reviews.

4.4     Ms. Roque's co-workers and peers were not subjected to the same scrutiny.

4.5     Ms. Roque had major abdominal surgery on November 20, 2014 and was unable to work or eat normally. Defendants treated Ms. Roque differently following her surgery and return to work. Defendants disciplined Ms. Roque with more frequency and ultimately terminated Ms. Roque's employment.

4.6     In 2009, Ms. Roque and her partner became parents to a son. Ms. Roque requested FMLA leave and was denied based on the fact that she was not married or the child's biological parents. Ms. Karla Marin was the supervisor who denied the leave. Ms. Roque was required to appeal to obtain her benefit, which Ms. Roque did and was successful.

4.7     Ms. Roque made her complaint to Jean Shaw, program director.

4.8     At some point, Willie Salas took over from Ms. Shaw as a program director.

4.9     Through his actions and statements, Mr. Salas has demonstrated a discriminatory intent to discriminate and retaliate against older lesbian employees.

4.10   Mr. Salas showed significant favoritism and support for younger female straight employees.  Specifically, Mr. Salas hired Erika Martinez as the RCCL Supervisor II.

4.11   Ms. Roque is within the protected class and is qualified to do her work. Ms. Roque has, without discrimination and retaliation coloring her performance evaluations, demonstrated that she is qualified, experience, educated, and willing and able to perform the duties of her position.

4.12   Ms. Roque has been terminated and has suffered during her employment varied and frequent incidents which have changed the terms and conditions of her employment and rendered the environment hostile, discriminatory, and retaliatory.

4.13   Ms. Roque's situation compares to the treatment of other women over the age of 40 who are involved in relationships with other women.

4.14   Specifically, Debbie Dick was an employee who was also on Ms. Marin' team.  Ms. Marin and others discriminated against Mr. Dick who ultimately filed a complaint which was similar to Ms. Roques.

4.15   In comparison, Erica Martinez, a straight female under the age of 40, was hired into a supervisory position over Ms. Roque despite not having superior qualifications and experience as compared to Ms. Roque.  Ms. Martinez was favored by Mr. Martinez and given preferential treatment.

4.16   Stella Silva also provides another example of an employee over 40 who Defendants discriminated and retaliated against and who questioned Mr. Salas about his campaign to get rid of all the older people.

4.17   The comparators in the workplace are also found in the treatment given to younger men.  For example, Andrew Peretta was a male comparator under 40 in the same area as Ms. Roque.  Mr. Salas put Mr. Peretta on discipline, but Mr. Peretta was allowed to transfer and given adequate time and resources to complete his progressive improvement plan.  Ms. Roque was not.

4.18   Mr. Brandon Winters was another male employee under 40 who was hired by Ms. Marin.  Ms. Marin assigned Mr. Winters to take over an investigation that Ms. Roque was accused of mismanaging.  Mr. Winters was permitted to use the telephone to complete this investigation while Defendants specifically denied Ms. Roque the ability to make such phone calls.

4.19   Mr. Christopher Miller was another male employee under 40 who was not required to carry out the same duties as Ms. Roque and other females over 40.  Mr. Miller was given preferential treatment and favoritism.

4.20   Mr. Michael Tuncap was another male employee under 40 who was treated preferentially and with favoritism and was not held to the same standards as Ms. Roque with respect to various metrics used to evaluate performance.

4.21   Mr. Salas and Ms. Marin also actively hired younger women and men such as Janie Navarro, Sara Jacobson, Sara Velasquez, Arabella Hernandez, Stephanie Martinez, Esmerelda Guajardo, Lacy Snow.

4.22   Defendants also subjected Ms. Roque to various work-related assignments which were intended to cause her to fail and to receive poor marks due to the overwork and lack of support.  For example, Ms. Roque was assigned to help on Ms. Marin's case load when Ms. Marin was on maternity leave.  Despite the fact that Ms. Roque was denied her maternity leave later.

4.23   Defendants improperly evaluated Ms. Roque's performance and actively interfered with her ability to carry out her duties and made the performance of those duties more difficult while easing the burden for younger male, younger female, and straight employees.

4.24   The reason for termination advanced by Defendants was that Ms. Roque abused her sick leave by posting on Facebook about her son.

4.25   Ms. Roque was properly on sick leave and did not, in any way, abuse the sick leave policy of the Defendants.

4.25   Defendants terminated Ms. Roque on October 27, 2015.

4.26   Following exhaustion of her administrative remedies, Ms. Roque's termination became final.

4.27   All conditions precedent to this case have been met.

## 5.

## First Claim for Relief

## Discrimination Based on Gender/Sexuality

## Title VII, 1964 Civil Rights Act, as amended and Texas Labor Code

5.1     Ms. Roque incorporates by reference all previous averments of fact into this First Cause of Action as if repeated herein verbatim.

5.2     The Defendants who are liable for violation of Title VII discrimination based upon gender/sexuality and/or sex are Texas Department of Family and Protective Services, the Texas Health and Human Services Commission, Karla Marlin, in her official capacity, Henry Whitman, Jr., in his official capacity, and Willie Salas, in his official capacity.  The individuals are sued to provide prospective injunctive relief, if ordered by the Court.

5.3     Ms. Roque was in the protected class, female, and is a lesbian.

5.4     Ms. Roque is married to her female partner and they have children.

5.5     Ms. Roque is not quiet about her gender and sexuality, but she is not overbearing with her status either.

5.6     Ms. Roque is qualified to carry out her duties and had the experience, education, knowledge, and ability to perform the duties assigned by Defendant.

5.7 As outlined in section 4, the individual defendants, acting as agents and employees of the agency defendants treated Ms. Roque differently from comparable employees who were either not female or who were not gay. Defendants provided little or no support or back up, and required Ms. Roque to handle additional duties without expansion of the time to finish those jobs or pay.

5.8 The individual defendants are not being sued in their individual capacities under Title VII or the Texas Labor Code.

5.9 Those employees were given different assignments, provided with additional resources or aid, and provided adequate time to perform their duties.

5.10 Defendants acted to discipline Ms. Roque, attached different and more onerous work assignments and requirements to Ms. Roque's work, isolated and humiliated Ms. Roque, and ultimately terminated Ms. Roque. Ms. Roque has suffered an adverse employment environment and actions. The reasons used by Defendants to justify their adverse employment actions against Ms. Roque are pretextual and hide discriminatory and retaliatory intent.

5.11 Ms. Roque has suffered loss of employment, benefits and other emoluments of employment for which she now sues.

5.12 Ms. Roque is an appropriate candidate for future wages and earnings or re-instatement, for which she now sues.

5.13    Ms. Roque has been humiliated, demeaned, isolated, and had her self-esteem attacked.  Ms. Roque has been labelled a liar and she has been forced to deal with these situations in the worst of circumstances.  Defendants have subjected to and caused mental anquish and emotional distress to Mr. Roque for which she now sues.

5.14    Ms. Roque was required to hire an attorney to prosecute these claims and has incurred reasonable and necessary attorney's fees and costs, for which she now sues.

## 6.

## Second Cause of Action

## Retaliation for Engaging in Protected Conduct

## Title VII:  1964 Civil Rights Act, as amended and Texas Labor Code

6.1    Ms. Roque incorporates by reference all previous averments of fact into this Second Cause of Action as if repeated herein verbatim.

6.2    The Defendants who are liable for violation of Title VII retaliation based upon protected activity are Texas Department of Family and Protective Services, the Texas Health and Human Services Commission, Karla Marlin, in her official capacity, Henry Whitman, Jr., in his official capacity, and Willie Salas, in his official capacity.  The individuals are sued to provide prospective injunctive relief, if ordered by the Court.

10

6.3     Ms. Roque engaged in protected conduct by exercising her rights and opposing discrimination and retaliation in the workplace.  The protected conduct was listed in the facts supporting relief section of this Amended Complaint.

6.4     The individual defendants, acting as agents and employees of the agency defendants, imposed and created an environment that was not supportive and which isolated, humiliated, and made Ms. Roque uncomfortable.  In addition, Ms. Roque suffered an adverse employment action having the terms and conditions of her employment transformed into a discriminatory and retaliatory environment and by suffering a termination.

6.5     But for Ms. Roque's exercise of her rights and opposition against discrimination and retaliation in the work place, Defendants would not have subjected Ms. Roque to the adverse employment actions.

6.6     If Ms. Roque had known that the Defendants were going to retaliate, she would not have done the same things that she did.

6.7     The reasons advance for termination by Defendants are untrue and pretextual, hiding discriminatory and retaliatory intent. There is a causal link between Ms. Roque's protected activity and the adverse employment actions Defendant imposed.

6.8     Defendants have damaged Ms. Roque who has suffered the loss of employment, back wages, benefits, and other emoluments of employment, for which she now sues.

6.9     Defendants have damaged Ms. Roque by causing emotional distress, mental anguish, and discomfort and humiliation, for which she now sues.

6.9     Defendants have damaged Ms. Roque by requiring her to hire an attorney and incur reasonable and necessary attorney's fees and costs, for which she now sues.

## 7.

## Third Cause of Action

## Violation of the Equal Protection and Due Process Clauses

## 42 U.S.C. Section 1983

7.1     Ms. Roque incorporates by reference all previous averments of fact into this Fifth Cause of Action as if repeated herein verbatim.

7.2     The Defendants who are liable for violation of the Equal Protection and Due Process Clauses pursuant to 42 U.S.C. Section 1983 are Karla Marlin, in her individual and official capacity, Henry Whitman, Jr., in his individual and official capacity, and Willie Salas, in his individual and official capacity. The individuals are being sued for damages, declaratory, and/or injunctive relief.  These individuals will be identified in this cause of action as "individual defendants."

7.3 Ms. Roque was deprived of a right or interest secured by the Constitution and the laws of the United States when the Individual Defendants altered the terms and conditions of her employment, undertook retaliatory and discriminatory actions, and ultimately terminated Ms. Roque from her employment.

7.4 In this case, all of the Individual Defendants acted under color of state law.

7.5 Ms. Roque was in the protected class, over forty years of age.

7.6 Ms. Roque is qualified to carry out her duties and had the experience, education, knowledge, and ability to perform the duties assigned by Individual Defendants.

7.7 The Individual Defendants treated Ms. Roque differently from comparable employees who were younger. The Individual Defendants provided little or no support or back up, and required Ms. Roque to handle additional duties without expansion of the time to finish those jobs or pay.

7.8 Those comparable employees were given different assignments, provided with additional resources or aid, and provided adequate time to perform their duties.

7.9 The Individual Defendants acted to discipline Ms. Roque, attached different and more onerous work assignments and requirements to Ms. Roque's

work, isolated and humiliated Ms. Roque, and ultimately terminated Ms. Roque. Ms. Roque has suffered an adverse employment environment and actions. The reasons used by the Individual Defendants to justify their adverse employment actions against Ms. Roque are pretextual and hide discriminatory and retaliatory intent.

7.10 Ms. Roque has suffered loss of employment, benefits and other emoluments of employment for which she now sues.

7.11 Ms. Roque is an appropriate candidate for future wages and earnings or re-instatement, for which she now sues.

7.12 Ms. Roque has been humiliated, demeaned, isolated, and had her self-esteem attacked. Ms. Roque has been labelled a liar and she has been forced to deal with these situations in the worst of circumstances. The Individual Defendants have subjected to and caused mental anguish and emotional distress to Mr. Roque for which she now sues.

7.13 Ms. Roque was required to hire an attorney to prosecute these claims and has incurred reasonable and necessary attorney's fees and costs, for which she now sues.

**8.**

**Fourth Cause of Action**

**Conspiracy to Violate Civil Rights**

**42 U.S.C. Section 1985**

8.1     Ms. Roque incorporates by reference all previous averments of fact into this Fifth Cause of Action as if repeated herein verbatim.

8.2     The Individual Defendants engaged in a conspiracy to violate Ms. Roque's civil rights, specifically Ms. Marin, Mr. Salas, and Mr. Whitman.  These individual defendants are sued in their official and their individual capacities.  These Individual Defendants will be identified by the name "Individual Defendants" unless there is a specific reason to name a particular defendant.  These Individual Defendants are being sued for damages, declaratory, and/or injunctive relief.

8.3     The intent of the conspiracy was to deprive, directly or indirectly, Ms. Roque equal protection of the law to individuals who are over 40 employed in the DFPS.

8.4     The conspirators all took acts intended to discriminate and retaliate against Ms. Roque based on her age and in violation of clearly established law.

8.5     The intent of the conspiracy was to deprive, directly or indirectly, Ms. Roque equal protection of the law to individuals based upon their sexuality/gender and/or sex who are employed in the DFPS.

15

8.6     The conspirators all took acts intended to discriminate and retaliate against Ms. Roque based on her sexuality/gender and/or sex and in violation of clearly established law.

8.7     The acts taken in furtherance of the conspiracy have caused injury to Ms. Roque and have deprived Ms. Roque of the right and privilege that she has to be free from discrimination and retaliation based on her age.

8.8     The actions of the conspirators are motivated by discriminatory animus as shown through their actions intimidating, isolating, and retaliating against Ms. Roque, and in the constant terminations and discipline of older workers while younger workers are hired and treated differently.

8.9     As a result of this conspiracy, Ms. Roque has been damaged in the form of lost wages, back pay, lost benefits and other emoluments of employment, for which she now sues.

8.10    In order to bring her claims, Mr. Roque was required to engage the services of an attorney and has incurred reasonable and necessary attorney's fees and costs, for which she now sues.

## Jury Demand

Ms. Roque hereby demands a jury to try all matters and questions of fact.

## **PRAYER**

Isabel Roque, plaintiff, requests that the Defendants, individual and agency, be sued and served with service of process and citation and made to respond within the time allocated by the Federal Rules of Civil Procedure. Ms. Roque requests that Defendants be required to attend a trial of this suit and that upon proper evidence and verdict that Ms. Roque recover the following:

1. A declaration that the acts and practices complained of in this complaint violated Title VII, The ADEA, The Texas Labor Code, 42 U.S.C. Sections 1983 and 1985;

2. Enjoining and permanently restraining the violations of law identified;

3. Reinstatement to full position with restoration of any benefits;

4. Back pay and all manner of lost wages;

5. Pay into the future if reinstatement is not appropriate;

6. Damages for any and all benefits which were afforded Plaintiff as a result of her employment;

7. Compensatory damages as permitted by law;

8. Pre-judgment interest as permitted by law;

9. Post-judgment interest as permitted by law;

10. Reasonable and necessary attorneys' fees;

11. Taxable costs; and,

12. Such other and further relief to which Plaintiff shows she is entitled.

Respectfully submitted,

**THE BUENKER LAW FIRM**

/s/ Thomas H. Padgett, Jr.
Thomas H. Padgett, Jr.
SBOT: 15405420
tpadgett@buenkerlaw.com
tpadgettlaw@gmail.com
Josef F. Buenker
SBOT: 03316860
jbuenker@buenkerlaw.com
Vijay Pattisapu
SBOT: 24083633
vijay@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
Ph: 713-868-3388/Fax: 713-683-9940

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of this pleading was served on counsel of record through the electronic service provided by the Court.

/s/ Thomas H. Padgett, Jr.
Thomas H. Padgett, Jr.