IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MS. ISABEL ROQUE, § | | |
|     *Plaintiff,* § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 5:17-cv-1102 | |
| § | | |
| TEXAS DEPARTMENT OF FAMILY § | | |
| AND PROTECTIVE SERVICES, § | | |
| KARLA MARLIN, HENRY § | | |
| WHITMAN, JR., WILLIE SALAS, § | | |
| AND TEXAS HEALTH AND HUMAN § | | |
| SERVICES, § | | |
|     *Defendants.* § | | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT COURT JUDGE:

Defendants Texas Department of Family and Protective Services ("DFPS"); Karla Marlin, individually and in her official capacity; Willie Salas, individually and in his official capacity; Henry "Hank" Whitman, Jr., individually and in his official capacity; and Texas Health and Human Services Commission ("HHSC"), (collectively "Defendants") file this Motion to Dismiss Plaintiff Isabel Roque's ("Plaintiff" or "Roque") Amended Original Complaint (Docket no. 18). Defendants would respectfully show the Court the following:

**I. INTRODUCTION**

On April 23, 2018, this Court ordered Plaintiff to file an amended complaint "that addresses certain ambiguities or deficiencies" in Plaintiff's original complaint

and "remove[s] any claims that Plaintiff has conceded" in her response to Defendants' February 12, 2018 motion to dismiss. Doc. 15 at 4-5 (citing doc. 10 at 3 n.1).

Plaintiff's amended complaint alleges seven distinct claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 2000e-2 ("Title VII"), and the Texas Labor Code. Doc. 18 at 8-16. Specifically, Plaintiff's amended complaint asserts: (1) gender discrimination under Title VII, *id.* at 8-10; (2) gender discrimination under the Texas Labor Code, *id.* at 8-10; (3) retaliation under Title VII, *id.* at 10-12; (4) retaliation under the Texas Labor Code, *id.* at 10-12; (5) a violation of her equal protection rights under 42 U.S.C. § 1983, *id.* at 12-14; (6) a violation of her due process rights under 42 U.S.C. § 1983, *id.* at 12-14; and (7) a conspiracy under 42 U.S.C. § 1985, *id.* at 15-16. Plaintiff's amended complaint removes the ADEA claims the Court noted that Plaintiff conceded. As relief, Plaintiff seeks reinstatement, back pay, front pay, compensatory damages, interest, fees, and costs. *Id.* at 17-18.

Defendants address each of Plaintiff's claims in turn herein for facility. As more fully set forth herein, Plaintiff's claims for relief are not cognizable. Plaintiff's amended complaint must be dismissed with prejudice.

## II. STANDARD OF REVIEW

### A.   Fed. R. Civ. P. 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of

demonstrating its existence. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate bases: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

**B.     Fed. R. Civ. P. 12(b)(6)**

In analyzing a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, [f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 544 U.S. at 555). It is insufficient, then, to plead facts that are merely consistent with wrongful conduct; plaintiff must instead plead facts that plausibly suggest that the pleader is actually entitled to relief. *Twombly*, 550 U.S. at 556-57 (the pleading must contain something more than a state of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true).

## III. ARGUMENTS & AUTHORITIES

A.   **Plaintiff's claim of gender discrimination.**

Plaintiff's amended complaint asserts a claim of gender discrimination against DFPS, HHSC, Marlin, Whitman, and Salas in their official capacities. Doc. 18 at 8. Plaintiff's gender discrimination claim is brought pursuant to both Title VII and the Texas Labor Code, despite Plaintiff conceding her state law claim. S*ee* doc. 10 at 3, n.1.

> **1. Plaintiff's Title VII gender claim against the individual defendants should be dismissed for lack of subject matter jurisdiction.**

Plaintiff's amended complaint states Karla Marlin, in her official capacity, Hank Whitman, Jr., in his official capacity, and Willie Salas, in his official capacity, "are sued to provide prospective injunctive relief." Doc. 18 at 8. To the extent Plaintiff seeks to name the individual Defendants in their official capacities, the Court should dismiss those claims. Title VII does not authorize a cause of action against any of the defendant officials in his/her individual capacity. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n. 8 (5th Cir. 2003) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53

(5th Cir. 1994)).  Because DFPS and HHSC are named defendants, the individual Defendants, in their official capacities, are redundant as defendants to the Title VII claim. "[A] party may not maintain a suit against both an employer and its agent under Title VII." *Indest v. Freeman Decorating, Inc.,* 164 F. 3d 258, 262 (5th Cir. 1999) (per JONES, J., with two judges concurring in the result); *see also Smith v. Amedisys, Inc.,* 298 F.3d 434, 449 (5th Cir. 2002) ("a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity"); *Bryson v. Chicago State Univ.,* 96 F.3d 912, 917 (7th Cir. 1996) (Title VII "suit against [provost] in his official capacity should have been dismissed because the proper defendant for that [claim] was Chicago State itself"); *LaFleur v. Wallace State Cmty. Coll.,* 955 F. Supp. 1406, 1424 (M.D. Ala. 1996) (dismissing Title VII claim against president in his official capacity as "repetitious" of Title VII claim against college).

In reaching that conclusion, the Fifth Circuit reasoned that the plaintiff is not entitled to maintain an action against both an employer and its agents in an official capacity because otherwise the employer could effectively be held liable twice for the same act. *Indest,* 164 F. 3d at 262; *see also Lloyd v. Birkman*, 127 F.3d 725, 645–46 (W.D. Tex. 2015) ("a plaintiff cannot sue both an employer and an employee in his official capacity, since such a posture would subject the company to double liability"); *Shabazz v. Tex. Youth Com'n*, 300 F. Supp.2d 467, 471 (N.D. Tex. 2003) ("if an individual was permitted to bring a Title VII action against an organization and an officer of that organization acting in his official capacity, the organization could

potentially be held liable twice for the same act"). Thus, the Court should dismiss Plaintiff's Title VII claim against the individual defendants.

### 2. Plaintiff's Texas Labor Code claim of gender discrimination should be dismissed for lack of subject matter jurisdiction.

The Eleventh Amendment bars the adjudication of pendent state law Texas Labor Code claims against non-consenting State defendants in federal court. *Hernandez v. Texas Dep't of Human Servs.*, 91 Fed. Appx. 934, 935 (5th Cir. 2004) (citing *Pennhurst State Sch. & Hosp.*, 465 U.S. at 120). While Plaintiff seeks to bring Texas Labor Code claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367, that statute does not abrogate Eleventh Amendment immunity. *Hernandez*, 91 Fed. Appx. at 935 (citing *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541-42 (2002)).

The Fifth Circuit has "clearly held that the [Texas Labor Code] does not waive Texas' Eleventh Amendment immunity" to adjudicating state claims in federal court. *Id.* (citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (2002)). Therefore, because the Defendants are entitled to Eleventh Amendment immunity from Plaintiff's Texas Labor Code claim, the Court should dismiss the Texas Labor Code claim pursuant to Rule 12(b)(1). *See id.* (reversing trial court's denial of motion to dismiss TCHRA claim); *see also Walker v. Texas, Office of Atty. Gen.*, 217 F. Supp. 2d 776, 779-80 (E.D. Tex. 2002) (granting motion to dismiss TCHRA claim on basis of Eleventh Amendment immunity); *Denner v. Tex. Dep't of Criminal Justice*, No. SA-05-CA-184-XR, 2006 WL 496014, at *4 (W.D. Tex. Jan. 14, 2006) (same). Accordingly, the Court should dismiss the Texas Labor Code claim of gender discrimination.

### 3. Plaintiff's Title VII gender claim against the individual defendants should be dismissed for failure to state a claim.

Even if Plaintiff's claims were not jurisdictionally barred, Plaintiff fails to state a claim against the individual Defendants under Title VII.

Title VII bars *employers* from discriminating based on race, color, religion, sex, or national origin.[1] 42 U.S.C. § 2000e-2(a)(1). The Fifth Circuit has repeatedly held that employees and public officials in their individual capacities cannot be subject to liability under Title VII because they do not fall under the definition of employer. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994) ("The public employees . . . were excluded from liability because Title VII does not include non-employer individuals, regardless of whether they work for a private or public body."); *Clanton v. Orleans Par. Sch. Bd*, 649 F.2d 1084, 1099 (5th Cir. 1981) ("we find no authority for holding public officials personally liable for backpay under Title VII.").

Later, in the *Huckabay* case, the Fifth Circuit considered whether a county commissioner "who possesses almost total executive authority within his precinct" would be considered a suable "employer" in his individual capacity for purposes of Title VII. *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). The court explained that a commissioner's executive authority could only be exercised as an agent of the body he represented, and thus "he did not act as an 'employer' and would not be liable under Title VII to the extent that he acted individually." *Id.* Accordingly, because

---

[1] "Congress's purpose in extending the definition of an employer to encompass an agent . . . was simply to incorporate *respondeat superior* liability into Title VII," not to impose individual liability on such agents. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).

DFPS and HHSC are named Defendants, the Title VII claim against the individual defendants in their official capacities is redundant and should be dismissed.

### 4. Plaintiff's Texas Labor Code gender claim against the individual defendants should be dismissed for failure to state a claim.

Further, the Texas Labor Code only allows plaintiffs to file discrimination claims against "employers." *See* 29 U.S.C. § 623(a); TEX. LAB. CODE §§ 21.002, 21.051(8). The applicable statutes do not permit causes of action against individual supervisors and managers. *Benavides v. Moore*, 848 S.W.2d 190, 198 (Tex. App.–Corpus 1992, writ denied) ("supervisors and managers are not considered employers under the Texas Labor Code and, therefore, are not individually liable for age discrimination."). Here, Plaintiff does not allege that any of the individual Defendants are "employers." *See generally* Doc. 1.

Because Plaintiff's Complaint fails to state a claim against the individual Defendants, even if they were not dismissed under Rule 12(b)(1), they would still be dismissed under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

## B.   Plaintiff's claim of retaliation.

Plaintiff's amended complaint asserts a claim of retaliation against DFPS, HHSC, Marlin, Whitman, and Salas in their official capacities. Doc. 18 at 10. Plaintiff's retaliation claim is brought pursuant to both Title VII and the Texas Labor Code, despite Plaintiff conceding her state law claim. S*ee* doc. 10 at 3, n.1.

### 1. Plaintiff's Texas Labor Code retaliation claim should be dismissed for lack of subject matter jurisdiction.

The Eleventh Amendment bars the adjudication of pendent state law Texas Labor Code claims against non-consenting State defendants in federal court. *Hernandez v. Texas Dep't of Human Servs.*, 91 Fed. Appx. 934, 935 (5th Cir. 2004) (citing *Pennhurst State Sch. & Hosp.*, 465 U.S. at 120). While Plaintiff seeks to bring Texas Labor Code claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367, that statute does not abrogate Eleventh Amendment immunity. *Hernandez*, 91 Fed. Appx. at 935 (citing *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541-42 (2002)).

The Fifth Circuit has "clearly held that the [Texas Labor Code] does not waive Texas' Eleventh Amendment immunity" to adjudicating state claims in federal court. *Id.* (citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (2002)). Therefore, because the Defendants are entitled to Eleventh Amendment immunity from Plaintiff's Texas Labor Code claim, the Court should dismiss the Texas Labor Code claim pursuant to Rule 12(b)(1). *See id.* (reversing trial court's denial of motion to dismiss TCHRA claim); *see also Walker v. Texas, Office of Atty. Gen.*, 217 F. Supp. 2d 776, 779-80 (E.D. Tex. 2002) (granting motion to dismiss TCHRA claim on basis of Eleventh Amendment immunity); *Denner v. Tex. Dep't of Criminal Justice*, No. SA-05-CA-184-XR, 2006 WL 496014, at *4 (W.D. Tex. Jan. 14, 2006) (same). Accordingly, the Court should dismiss the Texas Labor Code claim of retaliation.

### 2. Plaintiff's retaliation claim should be dismissed for failure to state a claim.

In two separate claims, Plaintiff generically alleges suffered retaliation under

Title VII, and the Texas Labor Code because she "engaged in protected conduct by exercising her rights and opposing discrimination and retaliation in the workplace." Doc. 18 at 11. The two claims, under either the state or federal statute, are synonymous and proof of the same facts is required to support each claim. *See Goudeau v. Nat'l Oilwell Varco, LP*, 793 F.3d 470, 478-479 (5th Cir. 2015) (conducting an analysis under Title VII to evaluate the plaintiff's ADEA and TCHRA retaliation claims).

A plaintiff establishes a prima facie retaliation claim by demonstrating: (1) that she engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) a causal connection between the protected activity and the adverse employment decision. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001); *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002).

In identical language, Plaintiff alleges that she was retaliated against for "engag[ing] in protected conduct by exercising her rights and opposing discrimination and retaliation in the workplace." Doc. 1 at 10, 13. Plaintiff's retaliation claims are not cognizable because she has not alleged that she engaged in statutorily protected activity. *See Gillie v. La. Dep't of State Civ. Serv.*, 559 Fed. App'x. 333, 335 (5th Cir. 2014) (to establish a prima facie case of retaliation, a plaintiff must allege that she participated in a statutorily protected activity). There is simply no authority that would allow Plaintiff to proceed under her theory that she was retaliated against based on the conclusory allegations that she "engaged in protected conduct by exercising her rights and opposing discrimination and retaliation in the workplace."

Doc. 18 at 11. *See, e.g., Aragona v. Berry*, 2012 U.S. Dist. LEXIS 18443, 2012 WL 467069 *6 (N.D. Tex. 2012) (a student does not have any due process rights to the procedures established by a state entity's rules or regulations). Rather, a claim for retaliation under Title VII, and the Texas Labor Code, if properly pleaded, would have to involve statutorily protected activity. *See Gillie v. La. Dep't of State Civ. Serv.*, 559 Fed. App'x. at 335. Title VII's antiretaliation provisions prohibit an employer from discriminating against an employee for opposing an unlawful practice or asserting a charge, testifying, assisting, or participating in a proceeding or investigation under their respective subchapters. 42 U.S.C. § 2000e–3(a). The Texas Labor Code similarly prohibits retaliation for such conduct. TEX. LAB. CODE § 21.055.

"Protected activity" includes opposing an employment practice that is unlawful under Title VII by making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII.

Thus, Plaintiff's retaliation claims under Title VII and the Texas Labor Code fail as a matter of law. *See id.*

### C.  Plaintiff's Section 1983 claims.

Plaintiff's amended complaint asserts a claim under Section 1983 for a violation of her due process and equal protection rights. Doc. 18 at 12. Plaintiff brings her Section 1983 claims against Defendants Marlin, Whitman, and Salas, in their individual and official capacities. *Id.* Plaintiff asserts these defendants treated her "differently from comparable employees who were younger." *Id.* at 13. It appears

Plaintiff is attempting to bootstrap the ADEA claim she conceded, *see* doc. 10 at 3, n.1, into a Section 1983 claim. When Congress enacts a comprehensive remedial scheme, a plaintiff must bring suit under that scheme. Here, Plaintiff is attempting to bring her Title VII and her conceded ADEA claim under the guise of a Section 1983 claim. For this reason alone, Plaintiff's Section 1983 claim should be dismissed as redundant.

### 1. Defendants Marlin, Salas, and Whitman, to the extent they are sued in their official capacity, have Eleventh Amendment immunity from Plaintiff's Section 1983 claim.

Plaintiff's amended complaint states Karla Marlin, in her official capacity, Hank Whitman, Jr., in his official capacity, and Willie Salas, in his official capacity, "are sued to provide prospective injunctive relief." Doc. 18 at 8.

Defendants Marlin, Salas, and Whitman should be dismissed from this suit because all claims made against them are barred by Eleventh Amendment immunity. Absent a waiver of immunity by the State or through federal statute, the Eleventh Amendment of the U.S. Constitution bars citizens from bringing suit against the states in federal court, regardless of the nature of the remedy sought. U.S. Const. amend. XI; *see, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). Eleventh Amendment immunity extends to all state officials sued in their official capacity because such suit is really one against the State itself. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Hafer v. Malo*, 502 U.S. 21, 25 (1991).

Here, Plaintiff has pleaded no facts establishing a waiver of Eleventh Amendment immunity with respect to any of her claims, and cites to no statute that

deprives Commissioner Whitman, Karla Marlin, or Willie Salas of Eleventh Amendment immunity. Although Plaintiff brings her claims under 42 U.S.C. § 1983, section 1983 does not waive Eleventh Amendment immunity and, in any event, neither the State nor a state official sued in their official capacity is considered a "person" capable of being sued under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–71 (1989). Accordingly, all claims against these Defendants must be dismissed.

There is a narrow exception to Eleventh Amendment immunity, recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908). To fall under the *Ex Parte Young* exception, however, the plaintiff must allege facts demonstrating a violation of a federal law, the suit "must be brought against individual persons in their official capacities as agents of the state," and "the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Here, the *Ex Parte Young* exception does not permit a suit to be maintained against the individual Defendants in their official capacity because Plaintiff seeks monetary relief. Doc. 18 at 8, 33. As such, Plaintiff's claims do not fall within the *Ex Parte Young* exception, and her claims must be dismissed.

### 2. Plaintiff's Section 1983 claims are barred by the statute of limitations.

Plaintiff's claims under 42 U.S.C. § 1983 are governed by a two-year limitations period. *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988); *Williams v. City of Austin*, No. 1:16-cv-1338-RP, 2017 WL 2963513, at *5 (W.D. Tex.

July 11, 2017); *Hernandez v. Kirkendall*, No. 5:13-CV-0685-DAE, 2014 WL 3853842, at *2 (W.D. Tex. Aug. 5, 2014). Plaintiff alleges she was terminated on October 27, 2015, and all factual allegations in her complaint stem from prior to her termination. Doc. 18 at 7. Plaintiff filed this action on October 30, 2017. *See* doc. 1. Thus, all claims accruing prior to October 30, 2015, are time-barred and must be dismissed.

> **3. Defendants Marlin, Salas, and Whitman, to the extent they are sued in their individual capacity, have qualified immunity from Plaintiff's Section 1983 claim.**

Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The purpose of qualified immunity is to "give[] government officials breathing room to make reasonable but mistaken judgments, and protect[] all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1244–45 (2012) (internal citations omitted). The standard serves to protect constitutional rights, while allowing government officials to effectively perform their duties. *Davis v. Scherer*, 468 U.S. 183, 195 (1984).

Once a defendant sued in his or her individual capacity as a government official has pled a good-faith entitlement to qualified immunity, "the burden shifts to the plaintiff to rebut it." *See Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). Abrogation of qualified immunity traditionally requires a two-tier analysis. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *see also Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994) (cert. denied, 512 U.S. 1270). Plaintiff must prove (1)

*Civil Action No. 5:17-cv-1102*
*Defendants' Motion to Dismiss Plaintiff's Amended Original Complaint*                Page 14 of 18

a violation of a clearly established constitutional right by the defendant, and (2) that defendant's conduct was not objectively reasonable in light of clearly established law at the time of the events giving rise to the suit. *Id.* Courts are permitted to exercise their sound discretion in determining which of the two prongs to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A right is deemed to be clearly established when "the contours of the right [are] sufficiently clear [such] that a reasonable official would understand that what he is doing violated that right." *Werneck v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009). "That is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citations omitted). The Fifth Circuit has clarified that the plaintiff must "point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson*, 659 F.3d 359, 371–72 (5th Cir. 2001). "If the plaintiff fails to state a constitutional claim . . . , then the government official is entitled to qualified immunity." *Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir.2007).

The individual Defendants—Salas, Marlin, and Whitman—hereby assert their qualified immunity. Plaintiff has failed to plead any facts sufficient to plausibly allege the individual Defendants are liable. *Iqbal*, 556 U.S. at 678-79. Therefore, the burden shifts to the plaintiff to rebut their assertion of immunity by proving the violation of

a clearly established constitutional right and the objective unreasonableness of their conduct. *See Morin*, 77 F.3d at 120.

**D. Plaintiff's Section 1985 claim.**

Plaintiff's amended complaint asserts a Section 1985 claim against Defendants Marlin, Whitman, and Salas, in their official and individual capacities, for conspiracy to violate her civil rights. Doc. 18 at 15. When Congress enacts a comprehensive remedial scheme, a plaintiff must bring suit under that scheme. Here, Plaintiff is attempting to bring her Title VII and her conceded ADEA claim under the guise of a Section 1985 conspiracy claim. For this reason alone, Plaintiff's Section 1985 claim should be dismissed as redundant.

**1. Plaintiff's Section 1985 claim is barred by the statute of limitations.**

Plaintiff's claim under 42 U.S.C. § 1985 is governed by a two-year limitations period. *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988); *Williams v. City of Austin*, No. 1:16-cv-1338-RP, 2017 WL 2963513, at *5 (W.D. Tex. July 11, 2017); *Hernandez v. Kirkendall*, No. 5:13-CV-0685-DAE, 2014 WL 3853842, at *2 (W.D. Tex. Aug. 5, 2014). Plaintiff alleges she was terminated on October 27, 2015, and all factual allegations in her complaint stem from prior to her termination. Doc. 18 at 7. Plaintiff filed this action on October 30, 2017. *See* doc. 1. Thus, all claims accruing prior to October 30, 2015, are time-barred and must be dismissed.

**2. Plaintiff fails to state a Section 1985 claim for conspiracy.**

To state a viable § 1985, the plaintiff must allege: "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving. . . a person . . . of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes

. . . a deprivation of any right or privilege of a citizen of the United States." *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994). Plaintiff's allegations exclusively concern the actions of Defendants Marlin, Salas, and Whitman, which were committed in the scope of their duties as employees of HHSC and DFPS. Because of this, Plaintiff is unable to establish the first element of a conspiracy claim.

The Fifth Circuit has adopted the intracorporate conspiracy doctrine in the context of § 1985 claims, *id.* at 653, which holds that "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abassi*, 137 S.Ct. 1843, 1867 (2017).

Because the individual Defendants were at all relevant times agents of the same legal entity, an agreement among them cannot establish a conspiracy under § 1985 as a matter of law. *See Hilliard*, 30 F.3d at 652–53. Therefore, Plaintiff's § 1985 claim must be dismissed.

## IV. CONCLUSION

Defendants request that this Court enter a judgment that Plaintiff take nothing by this suit, that Plaintiff's claims be dismissed with prejudice, that Defendants recover all of their costs and reasonable and necessary attorneys' fees, and this Court grant Defendants such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

KEN PAXTON
Texas Attorney General

JEFFREY C. MATEER

    First Assistant Attorney General

    BRANTLEY STARR
    Deputy, First Assistant Attorney General

    JAMES E. DAVIS
    Deputy Attorney General for Defense Litigation

    ANGELA V. COLMENERO
    Chief, General Litigation Division

    */s/Natalee B. Marion*
    **NATALEE B. MARION**
    Texas Bar No. 24075362
    Assistant Attorney General
    Texas Attorney General's Office
    General Litigation Division
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    (512) 463-2120
    (512) 320-0667 FAX
    natalee.marion@oag.texas.gov

    *ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on **May 17, 2018**, and that the person identified below was served by CM/ECF:

Thomas H. Padgett, Jr.
2060 North Loop West, Suite 215
Houston, Texas 77018
Phone: 713-868-3388
Fax: 713-683-9940
tpadgett@buenkerlaw.com

*ATTORNEY FOR PLAINTIFF*

    */s/ Natalee B Marion*
    **NATALEE B. MARION**
    Assistant Attorney General